# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| EDUCATIONAL ASSISTANCE FOUNDATION FOR THE DESCENDENTS OF HUNGARIAN IMMIGRANTS IN THE PERFORMING ARTS, INC., <br><br> Appellee, <br><br> BARRETT WEINBERGER AND FRANCES ODZA, CO-EXECUTORS OF THE ESTATE OF JULIUS SCHALLER, AND THE ENTIRE CLASS OF BENEFICIARIES OF THE ESTATE OF JULIUS SCHALLER, <br><br> Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Appellee. | No. 14-5127 |

## APPELLANT'S MOTION FOR ENTRY OF BRIEFING SCHEDULE

As required by this Court's order dated December 2, 2014, Barrett Weinberger, co-executor and beneficiary of the Estate of Julius Schaller; Frances Odza, co-executor and beneficiary of the Estate of Julius Schaller; and the entire class of beneficiaries of the Estate of Julius Schaller (collectively, "Appellants") file this motion to govern future proceedings in this case and request that the Court enter a briefing schedule on the issues raised by Appellants in this appeal.

This matter initially arose when the Internal Revenue Service ("IRS") proposed a retroactive revocation of the tax-exempt status of Plaintiff/Appellee The Educational Assistance Foundation For The Descendents Of Hungarian Immigrants In The Performing Arts, Inc. (the "Foundation"). Unable to resolve its disagreement with the IRS's revocation decision through the administrative appeals process, the Foundation initiated a lawsuit, captioned *Educational Assistance Foundation For The Descendents Of Hungarian Immigrants In The Performing Arts, Inc. v. United States* in the United States District Court for the District of Columbia (Case No. 11-1573-RBW) (the "District Court litigation").

A preliminary issue was raised in the District Court litigation, which involved a dispute between the parties over whether a document obtained by the IRS was protected by the attorney-client privilege and/or the attorney work product doctrine. Given the prominence assigned to this document by the government and that it was contained in the administrative record that formed the basis of the IRS's retroactive revocation decision, the District Court entered a schedule for the parties to submit briefing on that preliminary issue and stayed all discovery.

In accordance with that briefing schedule, the Foundation filed a brief asserting that the document was properly protected by the attorney-client privilege and that privilege had not been waived. In its responsive brief, the government contended, among other things, that the Foundation did not have standing to raise

2

any argument with respect to the privileged document, because the privilege belonged to Appellants (the beneficiaries), not the Foundation.

In response to this argument raised for the first time by the government in its brief (the IRS had not made this contention during the audit or appeal), Appellants moved to intervene on February 15, 2013. The government opposed Appellants' motion, and Appellants filed a reply brief.

On March 27, 2014, the District Court entered an order denying as moot Appellant's motion to intervene, based primarily upon its decision on the same date that no matter who held the privilege (which was unnecessary to determine), it had been waived. On May 22, 2014, Appellants timely filed this appeal.

On June 30, 2014, Appellants filed in this Court the required case opening documents, including an Entry of Appearance; the Docketing Statement Form; the Certificate of Parties, Rulings, and Related Cases; the Transcript Status Report; the Statement of Issues to be Raised; the Statement of Intent Regarding the Deferred Joint Appendix; and, the Underlying Decision from which the Appeal Arises. Thereafter, Appellants awaited the issuance of a briefing schedule.

Instead of a briefing schedule, however, on November 5, 2014, the Court *sua sponte* issued an order holding this appeal "in abeyance pending the district court's resolution of the motion to certify for interlocutory appeal the district court's order entered March 27, 2014." The Foundation had filed a motion to

3

certify for immediate interlocutory appeal the District Court's March 27, 2014 decision that found that the privilege had been waived. Presumably, this Court held this appeal in abeyance in order to allow for the possibility that this appeal be consolidated with the Foundation's appeal, *if* the District Court granted the motion for certification.

On November 21, 2014, the District Court denied the Foundation's motion for certification, and on December 2, 2014, this Court *sua sponte* entered an order instructing Appellants and the government to file "motions to govern future proceedings in this case."

Therefore, Appellants respectfully request that the Court enter a scheduling order, contemplated by D.C. Circuit Rule 31, pursuant to which the parties will serve and file their briefs in this appeal. Appellants request a minimum of 40 days notice to compile their opening brief and appendix.

Dated:  December 30, 2014          Respectfully submitted,

By:  */s/ Stephen R. Lacheen*
       Stephen R. Lacheen
Lacheen, Wittels & Greenberg
1429 Walnut Street, 13th Floor
Philadelphia, PA 19102
Tel:  215-735-5900
Fax:  215-735-4649

*Counsel for Appellants/Intervenors Barrett Weinberger and Frances Odza, as co-executors for the Estate of Julius Schaller, and the Entire Class of Beneficiaries of the Estate of Julius Schaller*

5

# CERTIFICATE OF SERVICE

I, Stephen R. Lacheen, Esquire hereby certify that a true and correct copy of the foregoing was served on December 30, 2014 as follows:

<u>via ECF</u>

Jennifer M. Rubin
Tax Division
U.S. Department of Justice
Post Office Box 502
Ben Franklin Station
Washington, DC 20044

Charles A. Murray
CHARLES A. MURRAY, P.A.
27911 Crown Lake Blvd., Suite 226
Bonita Springs, FL 34135-4218

<u>via regular mail, postage pre-paid</u>

Kenneth W. Ravenell
KENNETH RAVENELL, P.C.
711 St. Paul Street
Baltimore, Maryland 21202


*/s/ Stephen R. Lacheen*
Stephen R. Lacheen